```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**REYNALDO ALVIDREZ,**

                       **Petitioner,**

                **v.**                         **CASE NO. 04-3199-SAC**

**DAVID McKUNE,**

                       **Respondent.**

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Alvidrez challenges his state conviction based upon allegations of ineffective assistance of counsel, denial of an interpreter at trial, insufficient evidence of premeditation, and violation of due process in the state courts' denial of his 60-1507 petition without appointing counsel and an evidentiary hearing.

Upon initial review of this Petition, the court discovered a question of timeliness. Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date his conviction becomes "final" in which to file a 2254 petition. The limitation period is statutorily tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The period may also be subject to equitable tolling; however, the burden is on the petitioner to show that "extraordinary

circumstances prevented him from filing his petition on time." In a prior order, this court granted Alvidrez time to show cause why the Petition should not be dismissed as time barred. Alvidrez has filed Petitioner's Response to Order to Show Cause with attached exhibits (Doc. 3). Having considered all the materials filed, the court finds as follows.

**FACTS**

In 1999, Alvidrez was convicted in the District Court of Ford County, Kansas, of first-degree murder. He directly appealed to the Kansas Supreme Court, whose opinion affirming his conviction was filed on April 20, 2001. State v. Alvidrez, 20 P.3d 1264 (Kan. 2001). On or about July 18, 2001, the time for Alvidrez to file a Petition for Certiorari in the United States Supreme Court expired without such a petition being filed; and his conviction became "final" on this date. Ordinarily, the one-year statute of limitations for filing a federal habeas corpus action under 2254 would have begun to run at this time. However, on June 8, 2001, Alvidrez had filed a state petition for habeas corpus. See Petitioner's Response (Doc. 3), Exhib. B, copy of 60-1507 Petition, Case No. 01-C-119. The limitations period was statutorily tolled as long as this action was "pending." Alvidrez correctly acknowledges in his Response that his 60-1507 action was no longer "pending" after the denial by the Kansas Supreme Court of his Petition for Review on March 28, 2003[1].

---

[1] The court takes judicial notice of the public-record docket sheet for Case No. 01C-119, maintained at the Ford County Courthouse and faxed to this court upon its request, which provides that a journal entry and order denying relief in petitioner's state habeas action was filed on July 11, 2001. A Notice

2

Alvidrez thus had one year from that date[2], or until March 28, 2004, to file his federal habeas corpus petition. The Petition filed in this case was verified by petitioner on June 11, 2004, two and a half months late.

**DISCUSSION**

Petitioner asserts that the limitations period in this case should be equitably tolled and held not to have commenced until June 17, 2003. In support, he alleges that his "appellate attorney" never informed him of the denial of his Petition for Review in his 1507 action; and that he learned of it when he contacted the district judge "in the latter part of May 2003." He alleges he "then contacted the Clerk of the Kansas Supreme Court to get a copy of the opinion," which he did not receive until about June 17, 2003. He argues that due to these circumstances, tolling of the limitations period should continue past the time the opinion denying his Petition for Review was issued to the time he actually received it because he "had no notice." He also asserts "had post-conviction counsel advised petitioner of the denial of his petition for review" his federal

---

of Appeal and Motion for Appointment of Counsel was filed on July 18, 2001. An "Appellate Defender" was appointed to represent Alvidrez on appeal on September 27, 2001. Petitioner does not provide, and the court did not have access to, records indicating when the denial of his 1507 petition was affirmed by the Kansas Court of Appeals or when a notice of appeal of that court's decision was filed. However, petitioner alleges the pertinent fact that the Kansas Supreme Court denied his petition for review, and its "mandate issued on the 28th day of March, 2003."

[2]  While the limitations period is tolled following a direct appeal during the 90 days in which a criminal defendant may file a petition for certiorari review in the U.S. Supreme Court under Section 2244(d)(1), the same is not true under Section 2244(d)(2) after the state's highest court has denied review of a post-conviction motion. See U.S. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(and cases cited therein) cert. denied, 528 U.S. 1084 (2000).

Alvidrez thus had one year from that date[2], or until March 28, 2004, to file his federal habeas corpus petition. The Petition filed in this case was verified by petitioner on June 11, 2004, two and a half months late.

**DISCUSSION**

Petitioner asserts that the limitations period in this case should be equitably tolled and held not to have commenced until June 17, 2003. In support, he alleges that his "appellate attorney" never informed him of the denial of his Petition for Review in his 1507 action; and that he learned of it when he contacted the district judge "in the latter part of May 2003." He alleges he "then contacted the Clerk of the Kansas Supreme Court to get a copy of the opinion," which he did not receive until about June 17, 2003. He argues that due to these circumstances, tolling of the limitations period should continue past the time the opinion denying his Petition for Review was issued to the time he actually received it because he "had no notice." He also asserts "had post-conviction counsel advised petitioner of the denial of his petition for review" his federal

---

of Appeal and Motion for Appointment of Counsel was filed on July 18, 2001. An "Appellate Defender" was appointed to represent Alvidrez on appeal on September 27, 2001. Petitioner does not provide, and the court did not have access to, records indicating when the denial of his 1507 petition was affirmed by the Kansas Court of Appeals or when a notice of appeal of that court's decision was filed. However, petitioner alleges the pertinent fact that the Kansas Supreme Court denied his petition for review, and its "mandate issued on the 28th day of March, 2003."

[2]  While the limitations period is tolled following a direct appeal during the 90 days in which a criminal defendant may file a petition for certiorari review in the U.S. Supreme Court under Section 2244(d)(1), the same is not true under Section 2244(d)(2) after the state's highest court has denied review of a post-conviction motion. See U.S. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(and cases cited therein) cert. denied, 528 U.S. 1084 (2000).

action "would have been timely filed."

The court finds no authority for petitioner's assertion that commencement of the limitations period in this case should be delayed beyond March 28, 2003. Even if this court were convinced that counsel was appointed to represent Alvidrez on his Petition for Review and neglected to inform Alvidrez of its denial, equitable tolling would not be warranted for several reasons. First, there is no right to counsel in habeas proceedings, so allegations of ineffective assistance of counsel will not excuse an untimely habeas application. See Coleman v. Thompson, 501 U.S. 722, 752, 756-57 (1991); Smallwood v. Gibson, 191 F.3d 1257, 1267 FN4 (10th Cir. 1999), cert. denied 531 U.S. 833 (2000). Further, the Tenth Circuit Court of Appeals has ruled that neither a petitioner's misunderstanding nor his attorney's mistake excuses a delay. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891 (1998). Finally, petitioner states in his affidavit that he learned of the denial of his Petition for Review in May, 2003. There is no legal or equitable basis to toll the limitations period from the time Alvidrez actually knew of that denial until he received a copy of the Kansas Supreme Court's mandate 75 days later. Alvidrez does not allege that the mandate contained any information which he needed to view before he could file his federal action. In fact, from petitioner's own allegations it appears he managed to complete and execute his federal Petition before he received the mandate. He certainly provided no information about its exact content or filed date in his Petition. The court concludes that

the statute of limitations commenced to run in this case at the time the Kansas Supreme Court denied the Petition for Review.

Petitioner also generally claims he is entitled to equitable tolling without specifying particular dates. In a letter written in Spanish and sent to the court, Alvidrez states his "primary language" is Spanish, and if his petition was delayed, it was due to "lack of communication, and for not having legal assistance" at Lansing prison. He complains there "is no kind of help" telling him of "time limits and rules," which are in English. Petitioner also asserts he is entitled to "equitable tolling" because he "actively pursued his judicial remedies." Because Alvidrez is proceeding pro se, this court has liberally construed his pleadings.

Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner

5

actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Petitioner does not allege any such extraordinary circumstances.

Instead the circumstances alleged by petitioner are significantly similar to complaints about an inadequate law library, unfamiliarity with the legal process, or illiteracy, all of which have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Ignorance of the law generally and of the AEDPA time limit in particular will not excuse timely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Nor is a claim of insufficient access to relevant law, such as AEDPA enough to support equitable tolling (Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808), particularly since the claims raised in a federal habeas petition must have already been exhausted in state courts. Moreover, relying upon another for legal assistance during state proceedings does not relieve a petitioner from the personal responsibility of complying with the federal statute of limitations. Marsh, 223 F.3d at 1220.; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999). This court finds that Alvidrez has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas application in a timely manner. The court further finds that Alvidrez does not present specific facts indicating steps he took to diligently pursue his claims

6

throughout the period he seeks to equitably toll.  For all the foregoing reasons, the court concludes that this Petition was not timely filed and must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed as time barred and all relief is denied.**

**IT IS SO ORDERED.**

**Dated this 2nd day of February, 2005, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
U. S. Senior District Judge